THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY ROGERS, Defendant-Appellant.

Second District   No. 2—88—0602

Opinion filed May 16, 1990.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Gregory Rogers, was certified as a habitual child sex offender pursuant to the Habitual Child Sex Offender Registration Act (the Act) (Ill. Rev. Stat. 1987, ch. 38, par. 221 *et seq.*). The certification was based on the defendant's convictions of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(a)(2)) in 1987 and contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—5) in 1984. The defendant now appeals from the certification order and raises four contentions of error: (1) the Act is unconstitutional because it constitutes a cruel, unusual and disproportionate punishment; (2) the Act unconstitutionally violates the defendant's due process and equal protection rights; (3) the order of certification was untimely; and (4) the offense of contributing to the sexual delinquency of a child cannot serve as the basis for certification under the Act. Because the State correctly has confessed error with regard to the fourth issue, we reverse the order certifying the defendant as a habitual child sex offender.

The defendant's 1984 conviction of contributing to the sexual delinquency of a child was based on an information alleging that he performed an act of sexual intercourse with a 15-year-old girl when he was 17 years old. The conviction was entered as a result of a negotiated plea agreement. The defendant was sentenced to five months' periodic imprisonment and one year's probation. People v. Rogers (Cir. Ct. Winnebago Co.), No. 84—CF—455.

Again pursuant to a negotiated plea agreement, the defendant pleaded guilty to aggravated criminal sexual assault in 1987. The con-

viction stemmed from the defendant's forcible act of intercourse with a 16-year-old girl which caused the victim bodily harm. The trial court sentenced the defendant to eight years' imprisonment. People v. Rogers (Cir. Ct. Winnebago Co.), No. 86—CF—1498.

Subsequently, on June 17, 1988, the trial court granted the State's petition to certify the defendant as a habitual child sex offender pursuant to the Act. The trial court found that the defendant's conviction of contributing to the sexual delinquency of a child was a sex offense under the Act and that the conviction of aggravated criminal sexual assault constituted a subsequent sex offense. The defendant now appeals from the order certifying him as a habitual child sex offender.

■ Although the defendant raises four arguments on appeal, the State has filed with this court a confession of error pertaining to the defendant's fourth argument which makes it unnecessary for us to address the other three. The State concedes that the offense of contributing to the sexual delinquency of a minor cannot serve as the basis for certification as a habitual child sex offender under the Act. This issue was not raised by the defendant before the trial court; normally, this omission would waive appellate review of the question. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186-87.) This issue may still be reviewed under the doctrine of plain error, however, if the evidence at trial was closely balanced or the accused was denied a fair trial. (*People v. Sommerville* (1990), 193 Ill. App. 3d 161, 171.) We believe that review under the plain-error doctrine is appropriate here because, as the State concedes, the certification order was based on an offense which is not a proper predicate for certification under the Act.

The Act requires any person certified as a habitual child sex offender to register with the police chief or sheriff in the municipality or county in which he resides. (Ill. Rev. Stat. 1987, ch. 38, par. 223.) A habitual child sex offender is defined as "any person who, after July 1, 1986, is convicted a second or subsequent time for any of the sex offenses or attempts to commit any of the sex offenses set forth in" the Act. (Ill. Rev. Stat. 1987, ch. 38, par. 222(A).) The Act states:

"(B) As used in this Section, 'sex offense' means:

(1) A violation of any of the following Sections of the Criminal Code of 1961, as amended, when the victim is under 18 years of age:

12—13 (criminal sexual assault),

12—14 (aggravated criminal sexual assault),

12—15 (criminal sexual abuse),

12—16 (aggravated criminal sexual abuse *when the offense is a felony*).

(2) A violation of any former law of this State substantially equivalent to any offense listed in subsection (B)(1) of this Section." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 222(B).

The State's confession of error relates to the phrase "when the offense is a felony," which appears to modify the offense of aggravated criminal sexual abuse in the portion of the Act quoted above. The State concedes that this phrase was actually intended to modify the offense of criminal sexual abuse, not aggravated criminal sexual abuse. Thus, both the State and the defendant contend that a conviction of criminal sexual abuse, or a "substantially equivalent" statutory predecessor to criminal sexual abuse, is not a "sex offense" under the statute unless it is a felony.

■ We agree with this interpretation of the Act's definition of a sex offense. We note that aggravated criminal sexual abuse is *always* a felony. (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(e).) Thus, the phrase "when the offense is a felony" is redundant to the offense of aggravated criminal sexual abuse. Statutes should, if possible, be construed so that no term is rendered superfluous. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.) The defendant contends, and the State concedes, that the legislature actually intended the phrase "when the offense is a felony" to modify the offense of criminal sexual abuse and not aggravated criminal sexual abuse. Criminal sexual abuse is, in fact, the only one of the four offenses which can be either a misdemeanor or a felony (Ill. Rev. Stat. 1987, ch. 38, par. 12—15(d)); the other three offenses are always felonies (see Ill. Rev. Stat. 1987, ch. 38, pars. 12—13(b), 12—14(c), 12—16(e)).

Furthermore, it is appropriate here to examine the debates on the floor of the General Assembly to ascertain the legislative intent underlying the Act. (*Morel v. Coronet Insurance Co.* (1987), 117 Ill. 2d 18, 24.) During the Senate debate on the Act, Senator Karpiel stated that the Act's definition of a habitual child sex offender includes "only those persons who have a second *felony* conviction after July 1, 1986, for certain *felony* sex offenses." (Emphasis added.) (84th Ill. Gen. Assem., Senate Proceedings, June 25, 1986, at 210.) The following colloquy between Representatives Cullerton and Parke also demonstrates the clear intent of the House of Representatives that the definition of sex offenses was meant to include felonies only:

"Cullerton: '*** [I]n another part of the Bill you are limiting this to felonies...'

Parke: 'That is correct.'

Cullerton: '... wouldn't this whole Section here contemplate

a misdemeanor, someone being fined by a misdemeanor?'

   Parke: 'I don't believe it does. That's one of the reasons why we had an Amendment to redefine what was [*sic*] the sexual offenses.'

   Cullerton: '*** I want to make clear that this does not apply to misdemeanants.'

   Parke: 'Well, I will tell you our intent, this is only to apply to the defined felony convictions and that there's no... we've alleviated any thought of a misdemeanor being involved here.' "
84th Ill. Gen. Assem., House Proceedings, June 20, 1986, at 62.

We conclude, therefore, that the Act's definition of a sex offense includes criminal sexual abuse only where that offense is a felony. We wish to draw the legislature's attention to the need to clarify the Act's definition of a sex offense so that unnecessary litigation might be avoided.

■ In the instant cause, the defendant's certification as a habitual child sex offender rested in part on his 1984 conviction of contributing to the sexual delinquency of a child, an offense which is no longer included in the Criminal Code of 1961. Although contributing to the sexual delinquency of a child is "substantially equivalent" to the offense of criminal sexual abuse, it is a misdemeanor only (Ill. Rev. Stat. 1983, ch. 38, par. 11—5(c)) and cannot serve as a basis for certification under the Act. Therefore, the order of the circuit court certifying the defendant as a habitual child sex offender must be reversed. This conclusion resolves the appeal and makes it unnecessary for us to consider any of the three additional arguments raised by the defendant. A reviewing court will not consider questions or contentions which are not essential to the determination of the case before it. *Unger v. Nunda Township Rural Fire Protection District* (1985), 135 Ill. App. 3d 758, 764.

The order of the circuit court of Winnebago County is reversed.

Reversed.

GEIGER and INGLIS, JJ., concur.